TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00386-CR


NO. 03-99-00387-CR







Miguel Angel Solis, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH & 264TH JUDICIAL DISTRICTS


NOS. 47,965 & 49,505, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







Appellant Miguel Angel Solis pleaded guilty in 1997 to possessing less than one
gram of cocaine. See Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 1999). The
district court adjudged appellant guilty and assessed punishment at incarceration in a state jail for
two years and a $500 fine, but suspended imposition of sentence and placed him on community
supervision. The State moved to revoke supervision following appellant's indictment for driving
while intoxicated, third offense. See Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp.
1999). At a combined proceeding, appellant pleaded guilty to the new offense and true to the
motion to revoke. In the controlled substance case, court revoked supervision and imposed the
original sentence. In the DWI case, the court adjudged appellant guilty, assessed punishment at
imprisonment for six years and a $350 fine, suspended imposition of sentence, and placed
appellant on community supervision.

Appellant's court-appointed attorney filed a brief concluding that the appeals are
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief
has been filed.

We have reviewed the records and counsel's brief and agree that the appeals are
frivolous and without merit. Further, we find nothing in the records that might arguably support
the appeals.

In cause number 3-99-386-CR, the order revoking supervision is affirmed. In cause
number 3-99-387-CR, the judgment of conviction is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Both Causes

Filed: October 28, 1999

Do Not Publish



STYLE="font-size: 14pt">
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00386-CR


NO. 03-99-00387-CR







Miguel Angel Solis, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH & 264TH JUDICIAL DISTRICTS


NOS. 47,965 & 49,505, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







Appellant Miguel Angel Solis pleaded guilty in 1997 to possessing less than one
gram of cocaine. See Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 1999). The
district court adjudged appellant guilty and assessed punishment at incarceration in a state jail for
two years and a $500 fine, but suspended imposition of sentence and placed him on community
supervision. The State moved to revoke supervision following appellant's indictment for driving
while intoxicated, third offense. See Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp.
1999). At a combined proceeding, appellant pleaded guilty to the new offense and true to the
motion to revoke. In the controlled substance case, court revoked supervision and imposed the
original sentence. In the DWI case, the court adjudged appellant guilty, assessed punishment at
imprisonment for six years and a $350 fine, suspended imposition of sentence, and placed
appellant on community supervision.

Appellant's court-appointed attorney filed a brief concluding that the appeals are
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief
has been filed.

We have reviewed the records and counsel's brief and agree that the appeals are
frivolous and without merit. Further, we find nothing in the records that might arguably support
the appeals.

In cause number 3-99-386-CR, the order revoking supervision is affirmed. In cause
number 3-99-387-CR, the judgment of conviction is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Both Causes